**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )    No. 4:26-cv-00498-SEP |
| JOHN COFFEE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Supastar Ware's Application to Proceed in District Court Without Prepayment of Fees and Costs. *See* Doc. [2]. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the application is denied.

**THREE STRIKES RULE**

Plaintiff, a prisoner and a frequent filer, is subject to 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Commonly known as the "three strikes" rule, § 1915(g) has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

More than three civil actions brought by Plaintiff have been dismissed as frivolous or malicious, or for failure to state a claim. *See Ware v. Foley, et al.,* No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.,* No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care,* No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr. et al.,* No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing under § 1915(g)); *Ware v. Galibert, et al.,* No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (same). Therefore, the Court cannot permit Plaintiff to proceed *in forma pauperis* absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### THE COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against four employees at the Missouri Department of Corrections alleging unconstitutional conditions of confinement and a failure to protect at the Eastern Reception, Diagnostic and Correctional Center (ERDCC).  Doc. [1] at 3, 5 and 24.  Plaintiff sues all Defendants in their individual and official capacities.  *Id*.

Plaintiff alleges that a current cellmate is HIV-positive and asserts a "phobia" of contracting HIV.  *Id.* at 5.  Plaintiff also claims anxiety relating to food-handling by individuals at ERDCC and references fear of "food handler disease."  *Id.*  Plaintiff claims that ERDCC officials have, "[f]orced dangerous Bodily fluids in Food, Air, thought possibly Body!!"  *Id.* Plaintiff seeks release from confinement, monetary damages and other injunctive relief.

### DISCUSSION

Plaintiff has not alleged imminent danger of serious physical injury.  The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see e.g.*, *McAlphin v. Toney,* 281 F.3d 709, 711 (8th Cir. 2002) (plaintiff faced imminent danger where mouth infection required tooth extractions that were being unconstitutionally delayed).

Speculation about the possibility of contracting a communicable disease does not constitute imminent danger for the purposes of § 1915(g).  *See, e.g.*, *Gills v. Frakes*, 2021 WL 1575767, *1 (D. Neb. Apr. 22, 2021) (no imminent danger of serious harm where prisoner was housed with several COVID-infected prisoners) (citing cases, including *Paige v. Washington*, 2020 WL 4558735, at *6 (W.D. Mich. Aug. 7, 2020) ("speculation about the mere possibility that [plaintiff] will become infected by the virus does not constitute imminent danger")). Viewed in their most favorable light, Plaintiff's allegations regarding HIV exposure and "food handler disease" do not suggest a particularized or heightened risk of imminent danger sufficient to avoid the three-strikes bar.  Plaintiff's Application to Proceed in District Court Without Prepayment of Fees and Costs is therefore denied.  Plaintiff must pay the $405 filing fee within 21 days of the date of this Order, or this action will be dismissed without prejudice.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a Motion for Appointment of Counsel, Doc. [4], which the Court denies.  In civil cases, a pro se litigant does not have a constitutional or statutory right to

appointed counsel.  *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Under that standard, appointment of counsel is not warranted at this time.  Plaintiff has not yet paid the filing fee in this action, and his Complaint is subject to review under 28 U.S.C. § 1915A after he does so.  Preliminary review suggests that Plaintiff's allegations may be frivolous or subject to dismissal for failure to state a claim under § 1915A.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee of $405 within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [4], is **DENIED.**

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 27th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3